**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **BOARD OF TRUSTEES,**<br>**SHEET METAL WORKERS' NATIONAL PENSION FUND,**<br>8403 Arlington Boulevard, Suite 300<br>Fairfax, VA 22031<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATHAN E. DANIELS ROOFING,**<br>6317 D St., P.O. Box 4242<br>Meridian, MS 39304<br><br>**Defendant.** | C.A. No. 1:17-at-99999 |

**COMPLAINT**

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund (the "Fund"), hereby complain of Defendant Nathan E. Daniels Roofing ("Defendant") as follows:

**Introduction**

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* ("MPPAA")(1982). The Fund seeks a judgment awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by an employer as a result of the employer's withdrawal from the Fund, a multiemployer pension plan.

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction under ERISA §§ 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c); and 28 U.S.C. § 1331.

2. Venue lies in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that an action may be brought in the district where the plan is administered. In this case, the Fund is administered in Fairfax, Virginia. Accordingly, venue is proper in this District.

3. Personal jurisdiction exists over Defendant pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), which provide that while an action may be filed in the district where the plan is administered, process may be served in any other district where a defendant resides or may be found.

**Parties**

2. Plaintiff is comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

3. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4. Pursuant to Sections 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiff is authorized to bring this action on behalf of the Sheet Metal Workers' National Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

5. The Trustees administer the Fund at 8403 Arlington Boulevard, Suite 300, Fairfax, VA 22031.

6. At all times pertinent to this action, Nathan E. Daniels Roofing ("Defendant") has been an employer within the meaning of 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29

U.S.C. § 1002(5), and has been engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

7. At all times pertinent to this action, Defendant was a Mississippi corporation with a principal place of business at 6317 D St., P.O. Box 4242, Meridian, MS 39304.

**Allegations in Support of Relief Sought**

8. The Fund incorporates the foregoing paragraphs as if fully stated herein.

9. At all times pertinent to this action, Defendant was signatory and bound by a collective bargaining agreement with Local Union No. 214 ("Agreement").

10. By this Agreement and at all times pertinent to this action, Defendant was obligated to contribute to the Fund on behalf of its covered employees employed in any jurisdiction of the Sheet Metal Workers' International Association.

11. By this Agreement and at all times pertinent to this action, Defendant was obligated to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Document"), and to submit monthly reports and payments to the Fund.

12. The Fund determined that on or about April 26, 2017, Defendant effected a "complete withdrawal" from the Fund as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

13. The Fund determined that as a result of this complete withdrawal, Defendant incurred withdrawal liability to the Fund in the amount of $87,747.14, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

14. On or about May 8, 2017, Defendant received a Notice and Demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

15. This Notice and Demand for payment informed Defendant that its withdrawal liability was $87,747.14, payable in 39 quarterly payments of $2,987.00 and a final payment of $2,189.82. The Notice and Demand stated the first payment was due on or before June 1, 2017.

16. Defendant has failed to make the first and second payments due under its withdrawal liability schedule. Neither Defendant nor any other trade or business has made any additional payments due under Defendant's withdrawal liability schedule.

**Count I: Claim against Defendant for Withdrawal Liability**

17. The Fund incorporates the foregoing paragraphs as if fully stated herein.

18. Defendant has failed to pay the withdrawal liability due to the Fund, despite its obligation to do so under the Agreement, the Trust Document and Section 515 of ERISA, 29 U.S.C. § 1145.

19. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

20. By the foregoing conduct, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145 and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the remainder for the two delinquent payments in the amount of $5,974; interest on the withdrawal liability at the Fund's interest rate of 0.0233%, compounded daily; an amount equal to the greater of interest at the above rate on the withdrawal liability or liquidated damages equal to twenty percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

**Prayer for Relief**

**WHEREFORE**, the Fund requests a judgment against Defendant, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

(a) A judgment against Defendant on behalf of the Fund, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i). $5,974 in delinquent withdrawal liability payments;

(iii). Interest on the delinquent withdrawal liability payments at the Fund's rate of 0.0233%, compounded daily from the date due through the date paid or the date of judgment;

(iv). All liquidated damages due and owing as of the date of judgment or the date paid, in an amount to be proved but at least $1,194.80; and

(v). The attorneys' fees and costs incurred by the Fund in the collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action; and

(b) Such further or different relief as this Court may deem proper and just.

Dated: September 13, 2017

Respectfully submitted,

/s/ Christopher M. Leins

Christopher M. Leins
VA Bar No. 78742
Attorney for Plaintiff
Slevin & Hart, P.C.
1625 Massachusetts Avenue, Suite 450
Washington, DC 20036
Phone: (202) 797-8700
Fax: (202) 234-8231
cleins@slevinhart.com

20550245v1